May it please the Court, Your Honor. My name is Jason Hannan again, and I represent Mr. Diaz-Ramirez and Mr. Figueroa-Romero, who are consolidated in this appeal. This case is about the record requirement under Boykin. The record requirement essentially requires that that transcript of the guilty plea hearing must affirmatively demonstrate that the defendant fled knowingly, intentionally, knowing intelligently and voluntarily. Now, this is not a Rule 11 case. This is the lower threshold of Boykin. This is not a Rule 11 case. From the very beginning, that was made very clear. And this is only a due process issue before the Court. Which is a lower threshold than Rule 11. Rule 11 requires a great deal. Rule 11 requires much more than due process. However, it does require an affirmative demonstration on the record that the plea is knowing, intelligent and voluntary. And it is a due process requirement. And Boykin is a very unique case because it is reversible error if the record is inadequate. That was stated in Boykin itself. Boykin simply said a court can't presume a waiver from the silent record. This is hardly a silent record. I know what Boykin records are because I spent five years before Boykin. And there was nothing. I mean, this is so different from Boykin. It really is. Isn't it? And I agree with the court with the facts. But the facts aren't the legal standard that was set. Well, you've mined the legal standard and you've separated it from the context in which it arose. And when you added the different context, I mean, I don't think that Boykin controls this case at all. But Boykin, it simply said Boykin created a standard that required an affirmative disclosure. It didn't say that the only time we're going to reverse under Boykin is when there's no record at all. That was not the standard they set. And you'll see in the First Circuit, the Ward case, you'll see Hansen v. Phillips in the Second Circuit, Your Honor, those courts addressed the sufficiency of the record, not just whether there was no record or a silent record. And in many places in the reply brief, you'll see that the Court is giving that requirement some teeth. It's not just no record at all, despite that that may have been the facts that originally caused them to create that standard and to establish that standard. So I would just point out that the facts are not the legal standard and would ask the Court to review it for sufficiency. And in many ways, Your Honor, the record actually is silent in this case. This occurred before even Roblero Solis. So you'll see that the procedures are even worse. And we're trying to get them back to where they should be. Are we here on plain error? We are not, Your Honor. In Boykin. Is this clear error or de novo? What's the standard review here? Your Honor, Boykin is a unique case. It just simply states that where the record is insufficient, that it is reversible. And I don't know what the legal classification, if it's structural, nonstructural, this, that, the other. In Boykin, he never made a claim that his plea was not knowing, intelligent and voluntary. Boykin never made that claim before the Court. And in fact, he never said or the attorney never objected, which is a situation we have here. I did not object. And that's never been conceded, that point. But the point is that due process requires a record. And in this case, there is a silent record. The stand-up, sit-down procedure that Judge Campbell mentioned, we have 70 people waiving their right to trial by remaining silent and seated throughout the courtroom. That's their answer. It actually is a silent record, that aspect. Additionally, is a general yes or no answer even a waiver on the record? Seventy people. We just have the interpreter saying general yes, answer. When he – when 69, 66, 63, how many people answered? We don't know. Sixty-seven people out there, and the interpreter says general yes, answer. General no, answer. That's the record for understanding rights. That's it. And then we have the waiver of rights being done by a stand-up, sit-down procedure, which in the civil immigration context, and the cases are cited, was found to violate due process because it does not create a record. This record you're entering actually isn't that far off from Boykin, because if you find that the general yes, no answers have no real validity, which they don't, if you find that the stand-up, sit-down procedure doesn't really make a record, which it doesn't, you're left with two questions to the defendant. Do you plead guilty? Yes. Did you enter illegally on such-and-such a date? Those are the only two questions asked of my clients. And it took about 10 to 20 seconds for the judge to do that. Do you agree that the appellants in this case were represented by counsel and had an opportunity to consult? Yes, Your Honor. And Boykin had counsel. And in fact, Boykin had counsel for three days at least. They had me for a half an hour. Boykin is a little bit like Mapp. There were no exclusionary rule objections made in the lower courts in Mapp. The Supreme Court just got tired of all of this stuff. And so they took Wolf and imposed it through the exclusionary rule in Mapp. And this is another one of those cases where, as I said, the system gets tired of these things. It's one of the higher authorities that says stop. And rightfully so, I think. And I want to point out that the Rule 52, the plain error, harmless error rule, that was in existence before Boykin. Boykin had a chance to apply plain error if they wanted to, and they didn't. And then Park v. Raley, a Supreme Court case that came out in this last decade, it also states that it's reversible error where the record is insufficient. Plenty of cases out there about insufficient records, not just a silent record. I want to stress that Roblero Solis did not address this issue because much of the evidence on this, it's just wrong, the idea that Roblero Solis is not a case. Breyer. Well, this is not a Rule 11 case. Right. It's not a Rule 11. And Roblero Solis said nothing about Boykin. Didn't under, so I'll move on. So what was the problem with this record? This record is atrocious. This is, I mean, it's hard to describe what it's like. But this is essentially, this was essentially a cattle call of defendants. The only thing on the record is, do you want to plead guilty? Yes. And ask a factual basis. That's it. That's all that the Court did. Time served. Go home. It took 36 minutes to plead 67 defendants. And were any of the 67 given jail time? I don't recall, Your Honor. My two clients, well, I had more than two clients, so I don't recall how many I had in total that day. But my two did not. They received time served. But my guess is there may have been some. This is also 1325. It might be another case. They are, Your Honor. These are not illegal reentry after deportation under 1326. Well, what happens is actually a portion of the people that day are threatened with the charge of 1326. But if you plead guilty today and accept a stipulated sentence and waive all your appeal rights, that's why those defendants aren't here, is because they were required to waive their appeal rights or they would have got charged with 1326. So the government comes in and says, we won't charge you with the felony ever if you'll just plead guilty to the misdemeanor today and accept 30 days, 60 days, all the way up to 180. So there were those cases there that day. Those you'll never get a chance to even see how those proceedings are done, because every one of them is required to waive their appeal rights in order to resolve the case that day. So you're down to about two minutes if you want to reserve. Thank you, Your Honor. You may do so, counsel. We'll hear from the United States. May it please the Court. My name is Bruce Fergus, Assistant United States Attorney on behalf of the government in this case. Actually, we are in the world of plain error, and that's because Mr. Hannan made no objections whatsoever to the proceedings that are before you today. Yeah, well, we understand that. But what about Boykin? There were no objections in Boykin either, and plain error was on the books. Yes, that's true. And I noticed by its absence. It's true. What effect does it have on us and on this issue? The fact that this is a plain error case is determined later on by the Supreme Court in the Johnson case, which Mr. Hannan never addressed, which basically was a case where the defendant came up and said, I have all these constitutional, not only just constitutional, but structural errors that I want to argue about. And the Supreme Court said, doesn't matter. Rule 52 still applies on direct appeal. It's got to be plain error. And so it doesn't make any difference if you want to call it unique or structural or whatever. It is still plain error review. As a matter of fact, after Johnson, I had written a case, and it was returned as a result of Johnson. We were told, sorry, you can't do that. No objection. You're out, Scout. Plain error. So essentially we are in the world of plain error, which makes this essentially indistinguishable from libero solis, although it's framed in terms of due process as opposed to Rule 11. It's essentially the same factual circumstance about which it's being complained.  But Boykin is an issue in this case. So tell us your construction of the applicability of Boykin to the facts of this proceeding. My position would be that Boykin does not require the kind of personal address or individual explanation of rights that the defendants are arguing for here. And part of that is because, again, Boykin did not add anything except the prophylactic record-making part of the rule. The same standard was intelligent, voluntary, and knowing. And as a matter of fact, Rule 11, with its personally addressed requirement, actually came into effect in 1966, three years before Boykin. But does Boykin say you have to personally address the defendant to get this? No, it doesn't. It does not suggest that. And as a matter of fact, the Supreme Court subsequently made very clear that in McCarthy and Halliday that Rule 11 goes well beyond what is constitutionally required by Boykin, and so it's not even retroactive. Okay. But help us by telling us what in this record establishes that the guilty plea was knowing, intelligent, and voluntary within the meaning of Boykin. It's not as strong a record as I would like, obviously. But I think, again, the point is, at this point, when we're talking about plain error, let us assume, arguendo, that there was error, that there was Boykin error. And the bottom line is, what do you do about it? Well, if you're in the plain error world, the defendant's responsibility is to show that he or she would not have pled guilty if he got the kind of individualized treatment that he claims he should have had. In other words, it didn't affect substantial rights. Exactly. And that's why, although I was very clear in my brief, and I don't know why Mr. Hammond didn't understand that, I didn't say that Roblero Solis decided the due process issue. What I argued was that for all practical purposes, its analysis applied in this situation, because it is indeed due process. Excuse me. It is plain error. And so the same requirement is still there. You've got to show that something else would have been done, and or that there would have been a different outcome. And there was never any attempt made to do that, either in the district court, either one of the two separate appeals that were done, nor even in the briefing here. There's never been any suggestion that, in fact, either of these defendants was not knowing, intelligent, and voluntary. None. There was never any suggestion that it would have been different if I got to stand beside them. Didn't it? But you heard Mr. Hannan's argument, and that is that in reality, this is a silent record. What's your response? Well, I think, obviously, it is not a silent record. Judge Harlan's dissent in Boykin made very clear. What was happening in Boykin was a true silent record. There was nothing but a minute entry saying, basically, guilty plea occurred. There was nothing about what happened. Here, we have something altogether different. We have a direct record of the proceedings in which these people are advised in the way that they are supposed to. They're told everything they're supposed to. There is then, at least generally, a lack of any suggestion that there was any problem with that. No objection from the defense counsel, who's on the record as saying that before each one of these streamlined hearings, I talked to my people. I explained what's going to happen. No suggestion that any of these defendants didn't understand sufficiently that they should have been taken out of the process as is typically done. So that's why it's plain error. Was it a good process? No. Was it compliant with Roblero Solis, which was decided later? No. But it's plain error. Did it comply with Boykin? I would say yes, because, again, when we're talking about intelligence and knowingness, that's what the record shows, particularly in light of the fact that we have the defense counsel saying this is what I do. I talk to these people. He's on the record that he does, in fact, explain to them. I gave cases in the brief, including Morgan, which say, well, we can presume even in the absence of any kind of representations that the defense counsel does what he's supposed to do. And then Stumpf says, well, particularly where he's saying I do something. Under plain error, whose responsibility is it to show or to dispel the idea that substantial rights were affected? I would say that's the defendants. You would say? Is there a case that tells us who's responsible? Oh, no, which basically explains the difference. Does that burden on the defendant? Yes, sir. I think it does. And so they were required to say not only that there wasn't error, let's assume it's true. This is pre-verbal error. We didn't have that kind of information about the best way to do it. But was, in fact, the lower standard, which the Court has already described, which is due process. There are repeated cases from this Court following Boykin, and I've put them in my not retroactive, is, again, the pre-Boykin standard, which is basic knowingness, intelligence, and voluntariness. And the cases specifically say you don't have to go through each one individually in the way that's being requested now. You just have to, as a court, be satisfied that, in fact, it was knowing, intelligent, and voluntary. It's that basic standard. And there is a certain sliding scale of due process. For example, Rule 58 allows the magistrates, when there's going to be no time served, even, no imprisonment at all, but just a fine, to do it in an even more cursory fashion. So we have these cases where it's no more than six months, they're being represented by counsel, they're being advised in the court, they're in some way representing that they understand and have no problems with it, and they're getting out immediately. That's obviously different from your standard felony, where it certainly becomes a much more serious matter. So it's a reasonable procedure. It's the process which is due under the circumstances, and it complies with what basically Boykin was requiring. So especially, again, in the plain error world, they haven't shown that anything else would have been different, that the result would have been different, the proceedings would have been different if they had been told, all right, Mr. or Mrs. X, this is your individual right, this is your individual right, this is your individual right, 67 times or so in the course of how many afternoons? Unless there are any other questions. Roberts. No questions. Thank you, counsel. Mr. Hannon, you have some reserve time. Hannon. Mr. Hannon, for the purpose of argument, it sounds that counsel is willing to agree that there was error, that it was plain error, but it doesn't affect any substantial rights. What's your response to that? My response is that you do not conduct a plain error analysis. Boykin did not do it. Let's play a game and assume we're in plain error. Then the burden would be on me. On you. Yes. And we would fail. We see that any substantial rights were affected in this case. We would fail. I mean, the burden is on us at that point. I appreciate your candor. Thank you. Now, but, you know, I was one of the victims of Johnson. Yes. I had written an opinion saying that faced with a solid wall of authority, a lawyer doesn't have to object in order to preserve. And the Supreme Court told me, forget it. Yes. You don't object, you're out scout. And that was right after Johnson. Johnson was part of that. So what's your answer to the Johnson? My answer is Dominguez-Benitez, and it is a footnote. It is a footnote? It's a footnote. It's footnote 10. It doesn't matter. Overwhelming evidence that the defendant would have pled guilty regardless. Dominguez-Benitez is citing Boykin for the proposition that we do not do a prejudice analysis in the case of insufficiency under Boykin. So that's being said after Olano. It's being said after Johnson and Keyes was the case maybe that was overruled. But this is after all of those important cases. They're making an exception. But footnote 10 says that when the ghillie plea contains no evidence that a defendant knew of the rights he was putatively waiving, the conviction must be reversed. Right. But there is evidence in this case that, notwithstanding it was done on a group basis, that the rights were in fact stated and the defendants responded. Even though they responded with a general yes. There is no evidence that they understood their rights, because we have general yes, no answers, and we have stand-up or sit-down procedures, both of which tell us nothing. So you're saying that there was something happened, but I wouldn't call it evidence. It's certainly not. It has no probative value. It's correct. That's essentially what it is. That's right.  And it doesn't have any. And that was actually stated in Roblero's Feliz within the context of Rule 11, not due process, but the general yes, no answers are just as ambiguous as not standing up in the face of 70 other defendants remaining silent. So I just want to state there is case law for you. Boykin is its own case. Boykin is a case where you do not do a prejudice analysis, and it's after the cases that you're referring to. So I think in confidence, if you find an insufficient record here, which you should, the case, the error is reversible under Boykin. Unless there's further questions. Thank you. Thank you, counsel. Anything further? The case just argued will be submitted for decision, and the Court will adjourn. Thank you.
judges: Campbell, O'scannlain, Trott